*Please Return to Caskins* /PARUFF,-

UNITED STATES DISTRICT COURT FOR
**SOUTHERN** DISTRICT OF NEW YORK
------------------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,            :
United States Department of Labor,
                                               :   Civil Action
              Plaintiff,
    v.                                         :   File No. 07–CV–07420–JSR
                                               :
JA RESTAURANT LLC D/B/A SOLO RESTAURANT,        :
A Limited Liability Corporation;               :
                                               :
              Defendants.                      :
------------------------------------------------------------------

## CONSENT JUDGMENT

Plaintiff, the Secretary, has filed her Complaint and defendant JA RESTAURANT LLC D/B/A SOLO RESTAURANT a Limited Liability Corporation has appeared by Counsel, and agreement was reached to resolve all the issues raised in this action. Defendant acknowledges the responsibilities pursuant to this agreement, and acknowledges that it will be subject to sanctions in contempt of this Court if it fails to comply with the provisions of this Judgment. Defendant, without admitting or denying the allegations of the Complaint and without waiving or prejudicing any future claim of exemption pursuant to Section 7 of the Act for any employees paid hereunder or those similarly employed, consent to the entry of this Judgment, and it is therefore upon motion of the attorneys for the Secretary and for good cause shown:

I.   ORDERED that defendant, their officers, employees, agents, and all persons acting in the defendant's behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), specifically as follows:

(1) Defendant shall pay non-exempt employees at time and one-half their regular hourly rates for all hours worked over 40 per week.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-28-07

(2) Defendant shall make, keep, and preserve accurate and complete records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11 ( c ) of the Act and found at 29 CFR Part 516. Defendant shall also periodically monitor the payroll formula used by any company retained to do its payroll for such company's compliance with the foregoing; and it is further,

II.   ORDERED that the defendant is enjoined and restrained from withholding the payment of overtime compensation due employees listed in exhibit A, the total amount of $6,326.46 plus interest. Payment of that sum shall be made in full on or before August 1, 2007, payable to the order of "Wage and Hour-Labor".

III.   ORDERED that a copy of each certified check shall be simultaneously sent to Alfonso H. Holder, Assistant District Director, U.S. Department of Labor, Wage Hour Division, 26 Federal Plaza, Room 3700, New York, New York 10278 and Douglas Weiner, Esquire, U.S. Department of Labor, Office of the Regional Solicitor, 201 Varick Street, Room 983, New York, New York 10014. The Secretary shall distribute the defendant's payments to the employees and former employees, or to their estates, as set forth in Exhibits A.

Defendant shall provide to plaintiff the social security number and last known address of each employee or former employee listed in Exhibit A of this Judgment.

Any sums not distributed to the employees or former employees named herein, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. 2041 and 2042; and it is further

IV.   ORDERED that neither defendant nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Judgment; and it is further

V.   ORDERED that if the defendant fails to make the payments as set forth above, then the Court shall appoint John Braslow, Esquire as a Receiver. If John Braslow, Esquire is unavailable or declines to act as a Receiver, the plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion. In the event a Receiver is appointed, it is further

VI.   ORDERED that defendant shall produce to the Court appointed Receiver all books and records any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendant shall submit to a sworn accounting by an independent certified public accountant and/or the Receiver, and shall testify, if the accountant or Receiver so decides; and it is further

VII.   ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendant; and it is further

VIII.   ORDERED that if the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

IX.   ORDERED that the Receiver shall have full authority to: collect the defendant's assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendant's assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendant's assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order; and it is further

X.   ORDERED that defendant shall place posters provided by the Wage and Hour Division with information about the FLSA where employees may view them; and it is further

XI. ORDERED that neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A to file any action against defendants under Section 16(b) of the Act, or likewise for any current or former employee listed in Exhibits A to file any action against defendants under Section 16(b) of the Act for any violations alleged to have occurred after December 2, 2006; and it is further

XII. ORDERED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

DATED: 8/27/07
New York, New York

Defendants have appeared by counsel, and hereby consent to the entry of this Judgment.

JA RESTAURANT LLC

By: _____

Joey Allaham, Managing Member
Authorized corporate officer

_____
Attorney for Defendant

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

_____
Douglas Weiner
Senior Trial Attorney
United States Department of Labor

RESOLVED, that the corporation, JA RESTAURANT LLC hereby ratifies and confirms the offer made to ELAINE L. CHAO, Secretary of Labor, with respect to the alleged violations of the Fair Labor Standards Act of 1938, as amended, and that the corporation consents to the entry of this Judgment against it to be entered in an action which has been filed by the Secretary of Labor against the corporation. The officers of the corporation are authorized to do and perform all acts and things necessary to effectuate the provisions of said Judgment and any or all stipulations, amendments and changes therein.

CORP.
SEAL

BY: _____

       Authorized corporate officer

STATE OF NEW YORK        )
                         :SS:
COUNTY OF KINGS          )

On the 26th day of July, 2007 before me personally appeared JOEY ALLAHAM, to me known and known to me to be the individual described in and who executed the foregoing instrument on behalf of JA RESTAURANT LLC and he duly acknowledged to me that he executed the same.

NOTARY PUBLIC

THOMAS RUBERTONE, JR.
Notary Public, State of New York
No. 02RU6023788
Qualified in New York County
Commission Expires April 26, 20__